UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30098-MAP

POWER EQUIPMENT SYSTEMS, INC. )
dba CONDENSING HEAT EXCHANGER, )
)
Plaintiffs )
)                                    ANSWER AND
vs. )                                 COUNTERCLAIM
)                                    OF DEFENDANT
COMBUSTION & ENERGY SYSTEMS LTD., )
)
Defendant )

The defendant, Combustion & Energy Systems Ltd., herein referred to as ConDex, submits the following answer and counterclaim to the Complaint of Power Equipment Systems, Inc. dba Condensing Heat Exchanger, hereinafter referred to as the plaintiff.

### FIRST DEFENSE

1.  ConDex admits the existence of this action but denies the remaining allegations contained in paragraph 1 of the Complaint.

2.  ConDex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

- 1 -

3. ConDex admits the allegations contained in paragraphs 3 and 4 of the Complaint.

4. ConDex denies the allegations contained in paragraphs 5 and 6 of the Complaint.

5. ConDex admits the issuance of U.S. Patent No. 4,669,530 and U.S. Patent No. 4,776,391, denies that the patents were duly and legally issued and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.

6. ConDex admits that a copy of the '530 Patent issued June 2, 1987 was attached to the Complaint as Exhibit A and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

7. ConDex admits that a copy of the '391 Patent issued October 11, 1988 was attached to the Complaint as Exhibit B and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

8. ConDex admits the '530 Patent is for a HEAT EXCHANGER METHOD AND APPARATUS and the '391 Patent is for a HEAT EXCHANGER METHOD AND APPARATUS, admits the existence of a letter dated January 30, 2002 from Power Equipment Systems, Inc. referring to U.S. Patent No. 4,669,530, but not to U.S. Patent No. 4,776,391, is without knowledge or information sufficient to form a belief as to the truth of the allegation that

CHX is the present owner of all rights, title, and interest in the '530 Patent and the '391 Patent and denies the remaining allegations contained in paragraph 10 of the Complaint.

9. ConDex denies the allegations contained in paragraph 11 of the Complaint.

10. ConDex admits advertising ConDex units on the internet at www.combustionandenergy.com and denies the remaining allegations contained in paragraph 12 of the Complaint.

11. ConDex denies the allegations contained in paragraph 13 of the Complaint.

12. ConDex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 and 15 of the Complaint.

13. ConDex denies the allegations contained in paragraphs 16, 17, 18, 19, 20 and 21 of the Complaint.

14. ConDex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 and 23 of the Complaint.

15. ConDex denies the allegations contained in paragraphs 24 and 25 of the Complaint.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

16. The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

17. Plaintiffs lack standing to bring this action under Title 35 of the United States Code, Section 281, for the reason that a search of the records of the United States Patent and Trademark Office failed to show evidence of transfer of ownership of U.S. Patent No. 4,669,530 and U.S. Patent No. 4,776,391 from Heat Exchangers, Inc. to either of the plaintiffs.

## FOURTH DEFENSE

18. U.S. Patent No. 4,669,530 (the '530 Patent) has been and is invalid and void on the grounds that the invention attempted to be patented therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including in particular Sections 101, 102, 103, and 112.

## FIFTH DEFENSE

19. Condex's manufacture, use, offer for sale or sale of the ConDex unit has not and does not infringe the '530 Patent.

## SIXTH DEFENSE

20. U.S. Patent No. 4,776,391 (the '391 Patent) has been and is invalid and void on the grounds that the invention attempted to be patented therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including in particular Sections 101, 102, 103, and 112.

## SEVENTH DEFENSE

21.  Condex's manufacture, use, offer for sale or sale of the ConDex unit has not and does not infringe the '391 patent.

## EIGHTH DEFENSE

22.  Upon information and belief, United States Patent No. 4,669,530 has expired, and injunctive relief is therefore unavailable.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

23.  Combustion & Energy Systems Ltd. alleges the following as a counterclaim for a declaratory judgment of patent invalidity and non-infringement. This Court has jurisdiction of the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202.

24.  Combustion & Energy Systems Ltd. is a Canadian company having a principal place of business at 25 Royal Crest Court, Suite 110, Markham, Ontario, Canada L3R 9X4.

25.  Combustion & Energy Systems Ltd. repeats and realleges paragraphs 1-22 hereof as if fully set forth herein.

26.  As evidenced by plaintiffs' Complaint and Combustion & Energy Systems Ltd.'s answer thereto, there exists a real and actual controversy between the plaintiffs, on the one hand, and Combustion & Energy Systems Ltd. on the other hand, concerning the validity and alleged infringement of the '530 Patent and the '391 Patent.

WHEREFORE, Combustion & Energy Systems Ltd. prays that:

1. The Complaint be dismissed in its entirety.

2. This Court declare that the plaintiffs are entitled to no relief or damages pursuant to their Complaint.

3. This Court declare that Combustion & Energy Systems Ltd. has not infringed the '530 patent.

4. This Court declare that Combustion & Energy Systems Ltd. has not infringed the '391 patent.

5. This Court declare that the '391 patent is invalid.

6. Combustion & Energy Systems Ltd. recover its costs and attorney's fees pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54.

7. This Court award to Combustion & Energy Systems Ltd. damages, plus interest thereon.

8. This Court grant such other and further relief as it deems just and proper.

The Defendant
COMBUSTION AND ENERGY SYSTEMS, LTD.
By Its Attorneys

*Paul I. Perlman*

Paul I. Perlman
Hodgson Russ LLP
One M & T Plaza, Suite 2000
Buffalo, NY 14203
Tel: (716) 848-1479
Fax: (716) 819-4616

Dated: July __, 2004

## Certificate of Service

I, Sandra J. Staub, attorney for the defendant, Combustion and Energy Systems, Ltd., in this above matter, hereby certify that a copy of the above document was served upon the attorney of record for each party by mail on July __, 2004.

*Sandra J. Staub*
Sandra J. Staub