UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| POWER EQUIPMENT SYSTEMS, INC.<br>dba CONDENSING HEAT EXCHANGER,<br><br>        Plaintiffs<br><br>  -against-<br><br>COMBUSTION AND ENERGY SYSTEMS, Ltd.<br><br>        Defendant | CIVIL ACTION NO.<br>04-30098-MAF |

**PLAINTIFF'S REPLY TO COUNTERCLAIMS**

Plaintiff Power Equipment Systems, Inc. dba Condensing Heat Exchanger ("CHX") hereby files its Reply in response to the Counterclaims filed by Defendant Combustion and Energy Systems, Ltd. ("ConDex") in its Answer and Counterclaim. CHX responds to the allegations contained in the Counterclaims of Defendant ConDex as follows:

**JURISDICTION**

1. CHX admits that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338 (a), 2201, and 2202.

2. CHX admits that it is subject to this Court's personal jurisdiction.

3. CHX admits that venue is proper in this judicial district.

## THE PARTIES

4. CHX admits that ConDex is a Canadian company with its principal place of business at 25 Royal Crest Court, Suite 110, Markham, Ontario, Canada L3R 9X4.

5. CHX admits that CHX is a New York corporation having its principle place of business at 900 Commerce Drive, P.O. Box 897, Clifton Park, NY 12065.

## Count I - Invalidity of U.S. Patent Nos. 4,669,530 and 4,776,391

6. CHX incorporates herein and realleges as if fully set forth in this paragraph the replies in paragraphs 1 - 5 above.

7. CHX admits that it has asserted that one or more claims of both the '530 and '391 Patents are infringed by ConDex; and that it has created at least a reasonable apprehension of suit against ConDex, by, among other acts, filing suit against ConDex; and, that there is a present and actual controversy between CHX and ConDex.

8. CHX denies that the '530 Patent is invalid.

9. CHX denies that a judicial declaration of the invalidity of one or more of the claims of the '530 Patent is appropriate and necessary.

10. CHX denies that the '391 Patent is invalid.

11. CHX denies that a judicial declaration of the invalidity of one or more of the claims of the '391 Patent is appropriate and necessary.

12. CHX admits that the existence of this dispute creates a justiciable controversy between the parties, which this Court may hear pursuant to 28 U.S.C. § 2201(a). The Court can further grant additional relief, including injunctive relief and damages, pursuant to 28 U.S.C. § 2202.

### Count II- Noninfringement of U.S. Patent Nos. 4,669,530 and 4,776,391

13.     CHX incorporates herein and realleges as if fully set forth in this paragraph its replies to paragraphs 1 - 12 above.

14.     CHX admits that it has asserted that one or more claims of United States Patent Nos. 4,669,530 and 4,776,391 are infringed by ConDex; and, that it has created at least a reasonable apprehension of suit against ConDex, by, among other acts, filing suit against ConDex; and, that there is present an actual controversy between CHX and ConDex.

15.     CHX denies that ConDex has not, does not, and will not infringe any valid claim of the '530 Patent.

16.     CHX denies that a judicial declaration that ConDex does not infringe any valid claim of the '530 Patent is appropriate and necessary.

17.     CHX denies that ConDex has not, does not, and will not infringe any valid claim of the '391 Patent.

18.     CHX denies that a judicial declaration that ConDex does not infringe any valid claim of the '391 Patent is appropriate and necessary.

19.     CHX admits that the existence of this dispute creates a justiciable controversy between the parties, which this Court may hear pursuant to 28 U.S.C. § 2201(a).  The Court can further grant additional relief, including injunctive relief and damages, pursuant to 28 U.S.C. § 2202.

**REQUEST FOR RELIEF**

CHX asks the Court to award the following relief:

A.　Judgment dismissing with prejudice all of the counterclaims of ConDex against CHX;

B.　Judgment declaring ConDex's counterclaims exceptional and awarding CHX its attorney's fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and

C.　Such other and further relief as the Court may deem just and proper.


Dated: 7/14/04　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　HARE, STAMM & HARRIS
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff


　　　　　　　　　　　　　　　　　　　/s/ Mark L. Hare
　　　　　　　　　　　　　　　　　　　Mark L. Hare, Esq.
　　　　　　　　　　　　　　　　　　　BBO #
　　　　　　　　　　　　　　　　　　　Sovereign Bank Building
　　　　　　　　　　　　　　　　　　　1350 Main Street 10th Floor
　　　　　　　　　　　　　　　　　　　Springfield, MA 01103
　　　　　　　　　　　　　　　　　　　(413) 731-5800

　　　　　　　　　　　　　　　　　　　SCHMEISER, OLSEN & WATTS, LLP
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff


　　　　　　　　　　　　　　　　　　　/s/ Arlen L. Olsen
　　　　　　　　　　　　　　　　　　　Arlen L. Olsen
　　　　　　　　　　　　　　　　　　　NDNY Bar Roll No.: 507492
　　　　　　　　　　　　　　　　　　　3 Lear Jet Lane, Suite 201
　　　　　　　　　　　　　　　　　　　Latham, NY 12110
　　　　　　　　　　　　　　　　　　　Telephone: (518) 220-1850