UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| POWER EQUIPMENT SYSTEMS, INC.<br>dba CONDENSING HEAT EXCHANGER,<br><br>Plaintiffs<br><br>-against-<br><br>COMBUSTION AND ENERGY SYSTEMS, Ltd.<br><br>Defendant | CIVIL ACTION NO.<br>04-30098-MAF |

WHEREAS, the Court issued a Notice for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 8, 2004 (the "Notice"): and

WHEREAS, the Notice requires that the parties jointly prepare and sign a proposal scheduling order containing certain information;

NOW THEREFORE, the parties hereby submit the following information as required by the Order:

(1)     **Preliminary Matter.**  The conference will be held on **August 24, 2004** at **9:30a.m.** before Kenneth P. Neiman, U.S.M.J. at the U.S. District Court, Fifth Floor, 1550 Main Street, Springfield, Massachusetts.  Appearing for the parties are the following:

| | |
|---|---|
| Mark L. Hare (Bar No. BBO #556003)<br>HARE, STAMM & HARRIS<br>Sovereign Bank Building<br>1350 Main Street 10th Floor<br>Springfield, MA 01103<br>Tel:(413) 731-5800<br>Attorneys for Plaintiff | Paul I. Perlman<br>HODGSON RUSS LLP<br>One M & T Plaza, Suite 2000<br>Buffalo, NY 14203<br>Tel:(716) 848-1479<br>Fax:(716) 819-4616<br>Attorneys for Defendant |

| | |
|---|---|
| Arlen L. Olsen (Bar No. 507492) | Kevin C. Maynard (BBO # 550669) |
| SCHMEISER, OLSEN & WATTS, LLP | Bulkley, Richardson and Gelinas, LLP |
| 3 Lear Jet Lane, Suite 201 | 1500 Main Street - Suite 2700 |
| Latham, NY 12110 | Springfield, MA 01115-5507 |
| Tel: (518) 220-1850 | Tel: (413)781-2820 |
| Fax:(518) 220-1857 | Fax: (413) 272-6804 |
| Attorneys for Plaintiff | Attorneys for Defendant |

(2)  **Schedule.**

    (a)  **Date Limiting Joinder of Parties.** All motions to join additional parties to this action shall be made by **November 19, 2004**.

    (b)  **Date Limiting the Filing of Motions to Amend the Pleadings.** All motions to amend the pleadings shall be made by **November 19, 2004**.

(3)  **Settlement Proposals.** A timely filed settlement proposal will be submitted in accordance with the Notice.

    (a)  **Date Limiting Presentation of Written Settlement Proposals.** The plaintiff represents that it has submitted a written settlement proposal to the defendant.

    (b)  **Date Limiting Client Conference Regarding Settlement.** Defense counsel shall have conferred with their clients on the subject of settlement prior to **August 24, 2004**, the date of the scheduling conference.

    (c)  **Date for Responding to Settlement Proposal.** Defense counsel shall be prepared to respond to the proposal at the scheduling conference on **August 24, 2004**.

(4)  **Discovery Plan for the Completion of all Discovery.**

    (a)  All discovery in this action shall be completed by **six (6)** months from the date of the Markman ruling. The time frame for the completion of all discovery is summarized

as follows:

(I) From **August 24, 2004** to **November 19, 2004**, discovery will be conducted regarding: ownership, the accused devices and the methods of use, the scope of the claims and basic damages discovery for plaintiff to evaluate settlement other than willfulness.

(ii) Plaintiff shall provide an Expert report, if any, on Markman issues on October 5, 2005.

(iii) Defendant shall provide an Expert report, if any, on Markman issues on October 25, 2005.

(iv) On **December 9, 2004**, or the next business day the Plaintiff shall submit its Markman brief and claim chart.

(v) On **January 10, 2005** the Defendant shall submit its response to the Plaintiff's Markman brief.

(vi) On **January 24, 2005**, or there about the Plaintiff shall submit its reply to the Defendant's Markman brief.

(vii) On **February 7, 2005**, or other such date as set by the Court both parties will appear before the Court for a Markman hearing.

(viii) Plaintiff will provide Expert reports **four (4)** months from the date of the Markman hearing ruling.

(ix) Defendant will provide Expert reports **five (5)** months from the date of the Markman hearing ruling.

(x) As stated above, all discovery shall end **six (6)** months from the

3

      date of the Markman ruling.

  (xi)  Dispositive Motions shall be filed **seven (7)** months from the Markman hearing.

  (xii)  Opposition to Dispositive Motions shall be filed **eight (8)** months from the Markman hearing.

  (xiii)  Reply in Support of Dispositive motions shall be filed within **fifteen (15)** days after opposition of Dispositive Motion.

  (xiv)  Discovery of damages for wilfulness will commence after the close of discovery for liability and continue for one (1) month.

**(b)** There has been no discovery to date. The subjects on which discovery will be needed includes, but is not limited to, discovery related to patent litigation, patent infringement, patent validity, patent ownership, and the Defendant's subsidiaries and related companies.

**(c)** The initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure shall be made by **September 10, 2004**. There are no proposed changes to the timing, form, or requirement for disclosure under Rule 26(a) of the Federal Rules of Civil Procedure.

**(d)** A Protective Order will be needed to govern the disclosure of trade secret material during discovery. Otherwise, there are no additional limitations on discovery that should be imposed, or any changes to the limitations on discovery imposed pursuant to the Local Rules or the Federal Rules of Civil Procedure.

**(e)** The Protective Order consented to by the parties pursuant to Rule 26(c) of the Federal Rules of Civil Procedure shall govern any designated matter disclosed during

4

discovery in this action.

(f) **Certifications of Signed Counsels.** Counsel has provided a separate certification that each party and that party's counsel have conferred regarding establishing a budget for the cost of conducting the full course of the litigation, various alternative courses and resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

(5) **Estimate of Days Necessary to Try Action.** Trial is expected to last **ten (10)** days and will be to a jury.

(6) **Trial Date for the Court's Consideration.** January 9, 2006 is the suggested trial date proposed to this Court for consideration. This date is selected to allow sufficient time for the Court to reach a Markman ruling on claim construction and to allow the parties discovery in light of that claim construction.

(7) This Scheduling Order may be altered or amended only on a showing of good cause at the time of the conference or when justice so requires.

Date: August __, 2004

Respectfully submitted,

SCHMEISER, OLSEN & WATTS, LLP
Attorneys for Plaintiff

_____
Arlen L. Olsen
NDNY Bar Roll No.: 507492
3 Lear Jet Lane, Suite 201
Latham, NY 12110
Telephone: (518) 220-1850

HODGSON RUSS LLP
Attorneys for Defendant

_____
Paul I. Perlman

One M & T Plaza, Suite 2000
Buffalo, NY 14203
Telephone: (716) 848-1479

5

**SO ORDERED:**

_____
Kenneth P. Neiman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| POWER EQUIPMENT SYSTEMS, INC.<br>dba CONDENSING HEAT EXCHANGER,<br><br>Plaintiffs<br><br>-against-<br><br>COMBUSTION AND ENERGY SYSTEMS, Ltd.<br><br>Defendant | CERTIFICATE UNDER<br>LOCAL RULE 16.4<br><br>CIVIL ACTION NO.<br>04-30098-MAF |

### Certificate Pursuant to L.R. 16.4

We hereby certify that on August 5, 2004, we conferred with one another regarding establishing a budget for costs of conducting the full course of litigation and various alternatives to litigation pursuant to Local Rule 16.4.

We certify that we have conferred about the resolution of litigation through alternative dispute resolution and other programs pursuant to Local Rule 16.4.

_____
Arlen L. Olsen (Bar No. 507492)
SCHMEISER, OLSEN & WATTS, LLP
3 Lear Jet Lane, Suite 201
Latham, NY 12110
Tel: (518) 220-1850
Fax: (518) 220-1857
Attorneys for Plaintiff

_____
Mr. Ronald Messen, President
Steam Plant Systems
900 Commerce Drive
P.O. Box 897
Clifton Park, NY 12065

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-030098-MAP

POWER EQUIPMENT SYSTEMS, INC. )
dba CONDENSING HEAT EXCHANGER, )
    Plaintiff )
v. )
 ) CERTIFICATE UNDER
 ) LOCAL RULE 16.4
COMBUSTION AND ENERGY )
SYSTEMS, LTD., )
    Defendant )

We hereby certify that on August 10, 2004, we conferred with one another regarding establishing a budget for costs of conducting the full course of litigation and various alternatives to litigation pursuant to Local rule 16.4

We certify that we have conferred about the resolution of litigation through alternative dispute resolution and other programs pursuant to Local Rule 16.4.

Dated: August 10, 2004

*Paul I. Perlman* [signature]
Paul I. Perlman, *pro hac vice*
Hodgson Russ LLP
One M & T Plaza, Suite 2000
Buffalo, NY 14203
Tel: (716) 848-1479
Fax: (716) 819-4616
Attorneys for Defendant

[signature]
Cameron Veitch, General Manager
Combustion & Energy Systems Ltd.
25 Royal Crest Court, suite 110
Markham, Ontario Canada L3R 9X4

BFLODOCS 953071v1 (KF#701!.DOC)