UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWER EQUIPMENT SYSTEMS, INC. dba CONDENSING HEAT EXCHANGER, <br> Plaintiff <br> v. <br><br> COMBUSTION AND ENERGY SYSTEMS, LTD., <br> Defendant | Civil Action No. 04-030098-MAP |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, each party believes that it would serve the interests of the parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties have agreed to this Stipulated Protective Order, subject to the approval of the Court; and

WHEREAS, it is hereby stipulated and agreed by and between counsel for the Parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged in this action that may contain, disclose or refer to trade secrets, customer, and other confidential business information ("Confidential Information").

It is hereby ORDERED as follows:

1.   This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and copies thereof, which the disclosing Party may designate as "CONFIDENTIAL"

or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any Party and any non-party from whom discovery is sought in connection with this action. As ordered by the Court on an item-by-item basis, this Order is applicable to and will govern "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information adduced in open court at trial or in a hearing. If any "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information is disclosed in open Court at a hearing or at trial, the parties are not relieved of the terms and conditions provided in this Order. The term "Party" shall include the following: the named Parties to this litigation and any non-party from whom discovery is sought; all successors thereof; all present divisions, subsidiaries or affiliates of any of the foregoing entities; all current joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited or general partner; and all directors, officers, employees, agents, or representatives of any of the foregoing entities.

2.  In designating Confidential Information as "CONFIDENTIAL" or "CONFI-DENTIAL—ATTORNEYS' EYES ONLY," a Party shall make such a designation only as to materials which that Party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business which matter is not generally known and which the Party would normally not reveal to third parties or would cause third parties to maintain in confidence.

3.  Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    (a) counsel for the respective parties, including their clerical, litigation support, and paralegal employees, and outside copy services;

    (b) up to three (3) outside experts for Power Equipment Systems, Inc. ("PES"), up to three (3) outside experts for Combustion & Energy Systems, Ltd. ("ConDex"), and their clerical and support staffs, said

        experts being specifically engaged by counsel or the parties to assist in this litigation;

(c)    up to two (2) employees of a Party who are required by such Party to work directly on this litigation, with disclosures only to the extent necessary to perform such work; and

(d)    the Court and its officers, court stenographers, and outside copy services whose function requires them to have access to material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Stipulated Protective Order.

Any persons to whom confidential material is divulged pursuant to subparagraphs (a)-(d) above are similarly obligated to maintain the confidence of such confidential material, and not to disclose it to any person other than a person authorized under subparagraphs (a)-(d) above, subject to paragraph 4 below, or to use it for any purpose other than this litigation.

    4.    Any Confidential Information may be designated by the producing Party or a third party through its counsel at the time of disclosure of such information as "CONFIDENTIAL— ATTORNEYS' EYES ONLY" if it contains information which a producing Party or third party believes comprises or contains highly sensitive technical, marketing, financial, sales, or other highly sensitive and confidential business information which, if used by the receiving party, would result in a business (not legal) advantage over the producing party.

    5.    Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" material may be disclosed only to the persons authorized under subparagraphs 3(a), (b), and (d) above.

    6.    The persons described in paragraph 3(c) shall have access to the Confidential Information designated as "CONFIDENTIAL" only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGEMENT." Persons described in subparagraph 3(b) shall have

access to information subject to this Protective Order only after: (i) any such expert has signed an ACKNOWLEDGEMENT in the form attached hereto as Exhibit A; (ii) a copy of the signed ACKNOWLEDGEMENT, a current curriculum vitae for the proposed expert, an identification of any past or present employment or consulting relationship with any party or any related company, and an identification of any employment or consulting relationship of the expert in the area of regulators is served on counsel of record for all parties ten (10) business days before any confidential material is shown to such expert, and (iii) no party objects in writing to such disclosure of confidential material within those ten (10) business days. If any such objection is made, it may be in writing and state the reasons for such objections; thereafter, no disclosure of confidential material shall be made to that expert until the matter is resolved. Within fifteen (15) business days after service of said objection, counsel of record for the objecting party may move the Court for an order denying disclosure of any such confidential material to any such expert as to whom a notice of objection has been served; in such event, disclosure of confidential material shall not be permitted until the Court rules on the motion or the parties agree that such disclosure of confidential material may be made. Failure to timely file and serve such a motion shall operate as a waiver of said objection to the disclosure of confidential material to the expert concerning whom the objection was made.

7.  The recipient of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

8. The procedure for designation of Confidential Information shall be as follows:

(a) Documents or copies provided by one party to the other shall bear identifying numbers and any documents containing information that a producing party has a reasonable good faith belief to be confidential, proprietary, a trade secret, or not publicly available, may be designated as Confidential Information by marking each page "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the time they are produced for inspection. In lieu of marking the original of a document, the producing party may mark the copies that are provided. At the time documents are inspected by opposing counsel, such documents will be presumed to have been designated as Confidential Information subject to this Protective Order; at the time copies of such documents are provided to opposing counsel, the producing party shall mark such documents as otherwise required by this paragraph. A party who inadvertently fails to mark a document to indicate that it contains Confidential Information may notify the receiving party of its failure to do so and such document shall be treated by the receiving party as containing Confidential Information from the time the receiving party is notified in writing of the inadvertent failure to mark. The producing party shall promptly thereafter produce a marked copy of the document and the receiving party shall return or destroy unmarked copies and attempt to retrieve any documents containing Confidential Information from persons not qualified under this Protective Order to possess such documents.

(b) Information disclosed at the deposition of a party or of one of its present or former officers, directors, employees, agents, or consultants or of an expert may be designated by a party as Confidential Information by indicating on the record at the deposition that the testimony is subject to the provisions of this Protective Order. All deposition testimony and exhibits not designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information at the time of taking the deposition shall be subject to the provisions of this Protective Order for a period of fifteen (15) days after receipt of the transcript unless, within such fifteen (15) day period, the party notifies all other parties in writing of the specific pages and lines of the transcript which are to be treated as Confidential Information.

(c) In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such papers "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

 (d) Tangible objects may be designated as Confidential Information by affixing to the *object or* its container a label or tag marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

 9. Notwithstanding this Protective Order, any party or third-party witness may be shown at a deposition or examined regarding any document containing material designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if it appears from the face of the document that the witness authored or received a copy of the document. Further, any person designated by a party or third party as a 30(b)(6) witness may be shown at a deposition or examined regarding any document containing material designated by that party or third party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," Also notwithstanding this Protective Order, counsel for the parties shall not be restricted from providing legal advice or advice regarding litigation strategy to their respective clients based upon knowledge or information counsel has obtained from confidential matters designated pursuant to this Protective Order, so long as such legal advice or advice regarding litigation strategy is provided in such a way as not to disclose the underlying confidential information.

 10. In the event that the producing party or third party elects to produce original documents or other material for inspection, no numbering or confidential designations need be made by the producing party or third party in advance of the inspection. Under such circumstances, all such documents or other material shall be treated by the receiving party during inspection as if they were marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY." After inspection and selection by the receiving party of specified documents or material for copying, the producing party shall copy and number the documents, and shall make the appropriate confidentiality designations, prior to providing the copies to the receiving party or parties.

11. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the producing Party ten (10) business days prior written notice of this disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis as required by the Local Rules. If the dispute cannot be resolved, the Party challenging the designation may move the Court to order a lower designation, (e.g., from "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to "CONFIDENTIAL"), or to order a dedesignation (e.g., from "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to non-confidential) for any materials previously designated as confidential. The burden of proving that information has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is on the Party making such designation.

12. The restrictions set forth in any of the paragraphs of this Protective Order shall not apply to information or material that may have been produced in discovery in this lawsuit and designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if that information or material:

(a) was, is, or becomes public knowledge, not in violation of this Protective Order;

(b) is acquired by the receiving party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the receiving party prior to entry by the Court of this Protective Order.

13. Any Party submitting to the Court any materials containing or disclosing the contents of information designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS'

EYES ONLY" pursuant to this Order shall file the same separately under seal, designating the materials as "CONFIDENTIAL OR CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, and further providing the following designation:

> FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER. THE MATERIAL CONTAINED HEREIN HAS BEEN DESIGNATED CONFIDENTIAL, PURSUANT TO A PROTECTIVE ORDER, AND IS NOT TO BE DISCLOSED OR REVEALED EXCEPT BY THE TERMS OF THAT PROTECTIVE ORDER, OR BY COURT ORDER.

Filing materials with the Court under seal pursuant to this paragraph shall not preclude the subsequent challenge by a party of the designation of such materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Nor shall the filing of such materials under seal pursuant to this paragraph preclude the subsequent unsealing of such materials by order of the Court. The Court will, throughout the course of this litigation, retain the authority to decide which documents and deposition transcripts are to be maintained under seal.

14. Complete or partial copies, summaries, digests, analyses, reports, etc. prepared from Confidential Information bearing the designations specified in paragraph 3 or 4 hereof shall be treated as Confidential Information under this Protective Order.

15. In the event that any Confidential Information bearing the designations specified in paragraphs 3 or 4 hereof is used in any Court proceeding in connection with this litigation, it shall not lose its status under paragraphs 3 or 4 through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

16. Nothing herein shall be construed as an agreement by the receiving party:

(a) that any information, document or the like designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by a producing opposite party is in fact confidential or a trade secret; or

(b) with respect to the competency, relevance or materiality of any information, document or the like.

17.  Nothing in this Order shall preclude a party to this lawsuit or their counsel from disclosing or using, in any manner or for any purpose, any information or documents from that party's own file which the party itself has designated as "CONFIDENTIAL" or " CONFIDENTIAL—ATTORNEYS' EYES ONLY."

18.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the Confidential Information consents in writing or on record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Any particular consent given under this Protective Order with respect to confidentiality of the particular document shall not be deemed a waiver of any other designation.

19.  Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production. No party to this action shall thereafter assert that such inadvertent disclosure waived any privilege or immunity. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party will return such inadvertently produced item or items of information and all copies thereof within five (5) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the producing party for the return of such item or items of information. The receiving party returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure. Nothing in this Stipulated Protective Order shall be construed to require the

production of any information, document, or thing that the party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

20. Any Confidential Information designated in accordance with this Protective Order shall be used only for the purposes of this litigation, and not for any other purpose. Trial counsel and the parties hereto shall take all steps necessary to see that no persons shall use, disclose, or record any designated Confidential Information for any other purpose.

21. Each individual who receives any Confidential Information in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

22. The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. The District Court for the District of Massachusetts shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

23. Within thirty (30) days of the termination of litigation between the Parties, all information designated "CONFIDENTIAL," "CONFIDENTIAL—ATTORNEYS' EYES ONLY," and all copies thereof shall be returned to the producing party or, at the option of the receiving party, receiving counsel shall destroy and certify in writing that such material has been destroyed. Counsel of record may retain work product notes of counsel, one set of all papers filed with the Court, one set of trial transcripts and exhibits (whether or not filed with the Court), and one set of deposition transcripts and exhibits (whether or not filed with the Court), including confidential materials.

24. It is not the intention of this Protective Order to preclude either party from seeking further relief or other protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, or from agreeing between themselves to modify this Protective Order (provided, however, that any such modification shall be in writing and be signed by counsel for both parties).

25. After notice to the Parties, this Court retains the right to modify this Order without agreement of the Parties.

IT IS SO ORDERED.

Dated: 10-28-2004 ______________________________

STIPULATED AND AGREED to this 28th day of October, 2004.

*Attorneys for PES*
Arlen L. Olsen, Esq.
SCHMEISER, OLSEN & WATTS, LLP
3 Lear Jet Lane, Suite 201
Latham, NY 12110

Mark L. Hare, Esq.
HARE, STAMM & HARRIS
1350 Main Street, 10th Floor
Springfield, MA 01103

*Attorneys for ConDex*
Paul I. Perlman
HODGSON RUSS LLP
One M&T Plaza, Suite 2000
Buffalo, New York 14203-2391

Kevin C. Maynard, Esq.
BULKLEY, RICHARDSON AND GELINAS, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

BFLODOCS: 958946 v1 (KJX#01!.DOC)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| POWER EQUIPMENT SYSTEMS, INC.<br>dba CONDENSING HEAT EXCHANGER,<br>         Plaintiff<br>v.<br><br>COMBUSTION AND ENERGY<br>SYSTEMS, LTD.,<br>         Defendant | Civil Action No. 04-030098-MAP |

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was signed by the Court on _____, 2004, in the above-captioned action, that he/she is one of the persons contemplated in paragraph 3(b) or (c) thereof as authorized to receive disclosure of information designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order.

Dated: _____

_____
(Signature)

_____
(Printed Name and Title or Position)

_____
(Address)

BFLODOCS 958946v1 (KJX#01!.DOC)